11, 1902, or to preclude giving effect to an exclusive agreement with Cuba concluded under this section, modifying the existing preferential customs treatment of any article the growth, produce, or manufacture of Cuba * * *.

In the above-quoted section the Congress has in plain and unambiguous language expressed not only a desire, but a determination, not only to continue the preferential treatment accorded to articles the growth, produce, or manufacture of Cuba, under the treaty of commercial reciprocity concluded between the United States and the Republic of Cuba on December 11, 1902, but made certain that when that treaty of commercial reciprocity was concluded or superseded by any other treaty, the same preferential treatment should be accorded to Cuba by the United States. This is nothing more than a continuation of the intent of the Congress expressed in each act since the conclusion of the treaty of commercial reciprocity between the United States and the Republic of Cuba on December 11, 1902, to accord to Cuba exclusive preferential treatment with respect to the importation into the United States of any article the growth, produce or manufacture of Cuba.

We find nothing in said section 350, or the trade agreements referred to by counsel for the plaintiffs in their brief filed herein, in the light of the construction placed thereon by the courts, which would require or permit us to accept the construction contended for by counsel for the plaintiffs. All of the claims of the plaintiffs are, therefore, overruled. Judgment will be rendered accordingly.

No. 40397.—Protests 890299–G, etc., of Dernier, Inc. (New York).

Opinion by TILSON, J. It was established that the merchandise is composed in chief value of cotton. That which was assessed under paragraph 1306 was held dutiable at 40 percent under paragraph 923 and merchandise which was assessed under paragraph 1308 was held dutiable at 35 percent under paragraph 912.

No. 40398.—Protest 951903–G of Sardo Lace Co. (New York).

Opinion by TILSON, J. The record showed that the merchandise consists of handkerchiefs similar to those involved in Abstract 36849. The claim at 2 cents each and 30 percent ad valorem under paragraph 1529 (b) and the Swiss Trade Agreement (T. D. 48093) was sustained.

No. 40399.—Protests 918784–G, etc., of Wm. Shaland et al. (New York).

Opinion by TILSON, J. The protests were dismissed. Abstract 15400 cited.

No. 40400.—Protests 951223–G, etc., of Kaufmann Department Stores, Inc., et al. (Pittsburgh, etc.).

Opinion by TILSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 40401.—Protest 968377–G of Moller Products Corp. (New York).